

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 8, 1988

Mr. L. L. Bowman III
Commissioner
Texas Savings and Loan
   Department
2601 N. Lamar, Suite 201
Austin, Texas   78705

Opinion No. JM-889

Re:  Authority of the Savings
and Loan Department to obtain
liability coverage  for  its
officers and employees
(RQ-1203)

Dear Mr. Bowman:

You  ask  several  questions  pertaining  to  article
6252-19a, V.T.C.S., and  the Texas  Tort Claims Act  (Civ.
Prac. &  Rem. Code  §101.001 et  seq.).   Several of  your
questions relate to  the scope  of the attorney  general's
review of liability  insurance policies  and any  monetary
limits on such policies.

Article 6252-19a, V.T.C.S., authorizes state agencies
which  own  and  operate  motor  vehicles,  aircraft,  and
watercraft to  insure their  officers  and employees  from
liability arising  out  of the  use  of such  vehicles  or
equipment.  V.T.C.S.  art.  6252-19a,  §1.   The  attorney
general's  responsibility  in  regard  to  this  liability
insurance is set out in  section 1 of article  6252-19a as
follows:

> Sec. 1 . . . <u>All  liability insurance  so
> purchased shall be</u> provided on a policy form
> or forms <u>approved</u> by the  State  Board  of
> Insurance as  to form  and <u>by  the Attorney
> General as to liability</u>.  (Emphasis added.)

You ask first  whether there  is any  upper or  lower
limit on the amount  of liability insurance  coverage that
may be purchased  under this  statute.  Specifically,  you
inquire about the  applicability of the  maximum liability
limits set  by the  Texas Tort  Claims  Act.  In  Attorney
General Opinion M-501  (1969), this  office addressed  the
issue of limitations  on the amount  of coverage that  the
Texas  Highway  Department  was  authorized  to  purchase

pursuant to the newly enacted article 6252-19a. That opinion stated:

> With reference to your second question as to the amount of coverage that may be purchased, H.B. 203 [article 6252-19a] has provided no guidelines in this area. The proper amount of coverage has been left to the sound discretion of the governmental agencies involved, and in the event of a court test it is our view that a reasonable exercise of that discretion would be left undisturbed.

Attorney General Opinion M-501 (1969). Since the issuance of Attorney General Opinion M-501, there has been no amendment to article 6252-19a establishing a statutory minimum or maximum coverage level. Therefore, we conclude that your department has the responsibility to set the level of coverage for its employees.

Confusion may have arisen about the applicability of the Texas Tort Claims Act to article 6252-19a, V.T.C.S., based on other language found in Attorney General Opinion M-501. Following the language quoted above, the opinion read as follows:

> In this connection we would point out that the Texas Tort Claims Act . . . limits governmental liability to $100,000.00 per person and $300,000.00 for any single incident. It is our view that an individual policy of insurance under [article 6252-19a] that did not exceed those limits would meet the test of reasonableness, provided that in the exercise of discretion the Highway Department finds that such is reasonably necessary.

We do not believe that the Texas Tort Claims Act controls the amount of coverage which an agency may obtain under article 6252-19a. The Texas Tort Claims Act establishes a limited waiver of sovereign immunity and prescribes the maximum governmental liability in certain circumstances. Article 6252-19a, on the other hand, allows certain state agencies to obtain liability insurance for employees under certain conditions. The reference to the Tort Claims Act in the opinion quoted above was merely intended as a guide or example to assist state agencies in making reasonable

determinations of coverage. To the extent that the opinion may have been interpreted as imposing the Texas Tort Claims liability limitations onto article 6252-19a, Attorney General Opinion M-501 is modified.

To summarize, article 6252-19a, V.T.C.S., does not prescribe dollar limits on insurance coverage purchased pursuant to that article. The liability limits established in the Texas Tort Claims Act are not applicable to article 6252-19a.

You next ask whether the attorney general's responsibility to approve insurance policies "as to liability" requires the attorney general to make a determination of the reasonableness of the amount of liability coverage purchased by a state agency. We think not. The practice of the attorney general's office in reviewing policies pursuant to article 6252-19a has been to determine whether a given state agency is authorized to purchase insurance under the statute and whether the policy covers authorized persons and equipment.

The attorney general's policy of not attempting to determine the reasonableness of particular coverage limits for a given agency is consistent with the earlier interpretation of the statute in Attorney General Opinion M-501. The affected state agency, in the first instance, must exercise its discretion in determining whether to purchase liability insurance and the amount of coverage it deems appropriate. A court, in the second instance, is the appropriate body to evaluate the reasonableness of the limits obtained by a state agency. Unlike the state agency or a court reviewing that agency's decisions, the attorney general is not in a position to find facts regarding the reasonableness of a particular amount of coverage. The amount of coverage that is reasonable may vary from agency to agency and between individual departments or sections within the same agency.

You also ask whether the attorney general will approve an insurance policy which provides, at no added cost to the state, additional coverage that is not authorized by article 6252-19a. We understand that the State Board of Insurance has not prescribed a specific form for use by state agencies pursuant to article 6252-19a. Rather, a state agency must use one of the general forms for motor vehicle liability insurance that has been approved by the board for general commercial use in the state. Consequently, a state agency purchasing

liability insurance under the statute may incidentally receive other coverage. Because no state funds are being expended for this other coverage, this office neither approves nor disapproves this portion of the policy.

Finally, you raise the possibility of your department purchasing liability insurance under the Texas Tort Claims Act and ask: (1) whether the department would receive additional protection by also purchasing insurance under article 6252-19a, V.T.C.S.; and (2) whether the State Board of Insurance and the attorney general must review a policy purchased by the department pursuant to the Texas Tort Claims Act. Section 101.027 of the Civil Practice and Remedies Code governs liability insurance purchased under the Texas Tort Claims Act. It provides in part:

> (a) Each governmental unit may purchase insurance policies protecting the unit and the unit's employees against claims under this chapter.

The Savings and Loan Department is a governmental unit as defined by the Texas Tort Claims Act, and is covered by section 101.027. However, we note that the General Appropriations Bill for the current biennium contains the following provision:

> Sec. 54. TORT CLAIMS ACT. None of the funds appropriated in this Act may be expended for the purpose of purchasing policies of insurance covering claims arising under the Texas Tort Claims Act.

General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. V, §54, at 1120. A similar restriction has been included in previous appropriation bills. See Attorney General Opinion Nos. JM-625 (1987); JM-551 (1986); H-900 (1976).

It is our understanding that there are no funds available to your department that are not subject to the restriction of section 54, article V, of the General Appropriations Act. Therefore, we decline to address the first part of your question. Assuming a state agency has funds available for the purchase of insurance under the Texas Tort Claims Act, we have found no provision in the act which requires this office or the State Board of Insurance to approve the purchase.

# S U M M A R Y

(1)   Article 6252-19a, V.T.C.S., sets no maximum or minimum monetary coverage available to a state agency covered by the article.

(2)   The statutory limits of liability prescribed by the Texas Tort Claims Act do not apply to an insurance policy purchased by a state agency pursuant to article 6252-19a, V.T.C.S.

(3)   The attorney general does not review the amount of liability coverage purchased by a state agency pursuant to article 6252-19a.

(4)   The current general appropriations act prohibits the use of appropriated funds for the purchase of insurance under the Texas Tort Claims Act. The attorney general does not have a statutory obligation to review insurance purchased pursuant to the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General